UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM WEIKEL                                                                                         PLAINTIFF

V.                                                               CIVIL ACTION NO. 3:18-CV-408-DPJ-FKB

JACKSON PUBLIC SCHOOL                                                                          DEFENDANT
DISTRICT

ORDER

On February 4, 2020, Defendant Jackson Public School District ("JPSD") filed a delinquent Motion for Summary Judgment in this employment-discrimination case. That generated three additional motions. First, Plaintiff William Weikel asked the Court to strike the late motion [58]. JPSD then filed a motion to amend the scheduling order and for leave to file its tardy summary-judgment motion [62] and alternatively asked the Court to reinstate its previously filed summary-judgment motion [63]. *See* Original Mot. for Summ. J. [37]. For the following reasons, Weikel's motion to strike is denied, JPSD's motion seeking an extension of the case-management deadlines and for leave to file its motion for summary judgment is granted, and JPSD's motion to reinstate its earlier summary-judgment motion is moot.

I.      Facts and Procedural History

Weikel sued JPDS for race-based employment discrimination on June 21, 2018. Under the initial case-management order, the discovery deadline was May 21, 2019, and the dispositive-motion deadline was June 4, 2019. Order [19]. On the date of the initial discovery deadline, Weikel filed his first Motion to Extend Discovery Deadline [32]. Judge Ball denied that motion for failure to comply with Section 6.F.4 of the case-management order. Before Weikel could re-file his motion to extend the discovery period, and in compliance with the

dispositive-motion deadline, JPSD on June 4, 2019, filed its first Motion for Summary Judgment [37].

Weikel responded with an Urgent and Necessitous Motion to Extend Deadlines for Discovery and Opposition to Summary Judgment [39]. Judge Ball granted that motion, extending the discovery deadline through December 13, 2019, and setting a new dispositive-motion deadline of December 27, 2019. Order [49]; Sept. 11, 2019 Docket Annotation. Weikel then belatedly moved for an extension of time within which to respond to the initial summary-judgment motion under Federal Rule of Civil Procedure 56(d). Mot. [50]. "In view of the extension of the discovery and dispositive-motion deadlines," the Court terminated both the initial summary-judgment motion and Weikel's Rule 56(d) motion. Order [53]. It told JPSD that "[i]f additional discovery does not change Defendant's motion, it may [simply] re-file the motion when the [extended] discovery period expires." *Id.*

The parties then sought and received a third extension of the discovery and dispositive-motion deadlines. Mot. [54]; Dec. 4, 2019 Text-Only Order. According to defense counsel, she "calendared the [dispositive-motion] deadline incorrectly," leading to her inadvertently filing JPSD's second summary-judgment motion eight days late. Mot. [61] at 1. She realized her mistake upon receipt of Weikel's motion to strike and JPSD immediately responded to that motion and filed two motions of its own: one for leave to file the summary-judgment motion out of time, and one to reinstate the previously terminated summary-judgment motion. Weikel filed neither a reply in support of his motion to strike nor responses to JPSD's two motions, and the time to do so under the local rules has now expired.

II.      Analysis

JPSD's motion to extend the case-management deadlines to render its summary-judgment motion timely falls under Federal Rule of Civil Procedure 16(b)(4). That rule permits modification of a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts in the Fifth Circuit consider four factors "when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.'" *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)) (alterations in *Squyres*).

JPSD has offered a reasonable explanation for its failure to meet the dispositive-motion deadline: counsel's error in calendaring the deadline. As soon as the error was called to her attention, she caused JPSD to file a genuinely apologetic response and two motions in an effort to rectify the error. This factor favors modification.

As to the importance of the modification, Rule 56 exists to avoid trials where there are no genuine issues of material fact. If JPSD is entitled to summary judgment, refusal to modify the case-management deadlines would result in an unnecessary jury trial at considerable expense to all involved.

And granting JPSD's motion to modify will cause little to no prejudice to Weikel. To begin, the delay was slight. Moreover, JPSD has been ready to argue for summary judgment since the original June 4, 2019 deadline. Only Weikel's motion for additional discovery made refiling of that motion necessary. According to JPSD, the tardy motion is "identical in all relevant respects to that previously filed." Mot. [62] at 4. So, Weikel has known JPSD's

3

arguments for more than nine months. Extending the dispositive-motion deadline by eight days will not prejudice Weikel.

Finally, to the extent there is any prejudice, the Court has already granted Weikel an additional ten days after a ruling on the motion to strike to respond to JPSD's summary-judgment motion. With a July trial date, no further continuances should be required, but if it becomes necessary, the Court could grant a brief continuance of the trial date.

JPSD has demonstrated good cause for the modification of the scheduling order. The dispositive-motion deadline is extended from January 27, 2020, to February 4, 2020, such that JPSD's summary-judgment motion is timely. Weikel's motion to strike is therefore denied, and JPSD's motion to reinstate its prior motion is moot.

III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Weikel's Motion to Strike [58] is denied. JPSD's Motion to Amend Scheduling Order and for Leave to File Motion for Summary Judgment [62] is granted, and the new dispositive-motion deadline is February 4, 2020, making JPSD's motion for summary judgment timely. JPSD's Motion to Reinstate Previously Filed Motion for Summary Judgment [63] is moot. As stated in the February 25, 2020 Text-Only Order, Weikel's response to JPSD's Motion for Summary Judgment [56] shall be filed within 10 days.

**SO ORDERED AND ADJUDGED** this the 20th day of March, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE